# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Lee Sartin Trucking Co., Inc.,**
**Employer Below, Petitioner**

**vs.)      No. 22-0063**     (BOR Appeal No. 2057155)
                                        (JCN: 2020009305)

**Larry Workman,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lee Sartin Trucking Co., Inc., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Larry Workman filed a timely response.[1] The issue on appeal is compensability. The claims administrator rejected the claim on September 16, 2020. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its July 13, 2021, Order and remanded the case with instructions to determine the non-medical issue based on Mr. Workman's entire work history of alleged dust exposure. The Order was modified by the Board of Review on December 22, 2021, to remove the instructions to determine the non-medical issue in the interest of judicial economy. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Workman, a coal truck driver, alleges that he developed occupational pneumoconiosis in the course of and resulting from his employment. The physician's report of occupational pneumoconiosis indicated Mr. Workman had thirty years of occupational dust exposure.[2] From 2012 to the present, he worked as a coal truck driver for Lee Sartin Trucking. Mr. Workman worked for Argus Energy from 2009 to 2012 as a loader operator. From 2005 to 2009, Mr. Workman was employed as a truck driver for JC & J Trucking. Mr. Workman worked as a truck driver for RanKay Trucking from 2002 to 2005. All of his employment was in the coal mining industry. The physician's section was completed by Sarah Schindler, CPRN, FNPC, who diagnosed occupational pneumoconiosis with impairment. A chest x-ray was attached, which Kathleen DePonte, M.D., interpreted as showing p/s opacities in all lung zones with a profusion of 1/0.

---

[1]Petitioner, Lee Sartin Trucking Co., Inc., is represented by Lisa Warner Hunter, and respondent, Larry Workman, is represented by J. Robert Weaver.

[2]Though the claimant alleged thirty years of occupational dust exposure, the evidentiary record does not include his employment information prior to 2002.

1

On October 16, 2019, the claims administrator denied the application for benefits on a non-medical basis because Mr. Workman was not exposed to hazardous dust while working for Lee Sartin Trucking from February 10, 2014, through September 28, 2019. Mr. Workman protested the order but failed to submit evidence or provide a closing argument. On June 10, 2020, Lee Sartin Trucking filed a motion to affirm the claims administrator's decision based on Mr. Workman's failure to prosecute the protest. Mr. Workman withdrew his protest on June 15, 2020, and the Office of Judges dismissed the protest on June 23, 2020. Mr. Workman refiled his application for occupational pneumoconiosis on July 30, 2020, with the exact same evidence he previously submitted. The only difference was that the physician's report of occupational pneumoconiosis was signed by Ms. Schindler and also signed by Leonard White, M.D. In a September 16, 2020, order, the claims administrator denied Mr. Workman's application. It stated that the application was a duplicate of Mr. Workman's 2019 application, which was denied on October 16, 2019. In a November 17, 2020, deposition, Mr. Workman testified that he withdrew his original protest because the physician's report of occupational pneumoconiosis was not signed by a physician. He refiled his application after it was signed by Dr. White.

In its July 13, 2021, order, the Office of Judges determined that the claims administrator erred in rejecting Mr. Workman's application for occupational pneumoconiosis. It found that the claims administrator denied the application on a non-medical basis and stated that Mr. Workman was not exposed to hazardous dust while working for the employer from February 10, 2014, through September 28, 2019. The Office of Judges concluded that the claims administrator failed to consider the totality of Mr. Workman's work exposure, including his alleged exposure from 2002 to 2012. It noted that West Virginia Code § 23-4-15b requires a claims administrator to determine:

> whether in the State of West Virginia the claimant was exposed to the hazard over a continuous period of not less than two years during the ten years immediately preceding the date of last exposure to the hazard and whether the claimant was exposed to the hazard over a period of not less than ten years during the fifteen years immediately preceding the date of last exposure to the hazard.

The Office of Judges therefore remanded the claim to the claims administrator with instructions to determine the non-medical issue based on Mr. Workman's entire work history of exposure.

On December 22, 2021, the Board of Review modified the order to remove the directions to determine the non-medical issue based on Mr. Workman's entire work history of alleged exposure. It found that "denial of the claim because Mr. Workman withdrew the initial claim and submitted a new claim instead of seeking to amend the initial claim, violates West Virginia Code § 23-5-13, which prohibits the denial of a claim based on a technicality." The Board therefore agreed with the Office of Judges that the claim should be remanded but concluded that the language requiring the claims administrator to issue a new, protestable nonmedical order did not serve the interest of judicial economy.

2

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior order of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code §§ 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Board of Review. The Office of Judges correctly reversed the claims administrator's rejection of Mr. Workman's claim because the claims administrator failed to consider the totality of his workplace exposure, as required by West Virginia Code § 23-4-15b, and because it denied his claim on a technicality, as prohibited by West Virginia Code § 23-5-13. West Virginia Code § 23-5-13 provides that:

> [i]t is the policy of this chapter that the rights of claimants for workers' compensation be determined as speedily and expeditiously as possible to the end that those incapacitated by injuries and the dependents of deceased workers may receive benefits as quickly as possible in view of the severe economic hardships which immediately befall the families of injured or deceased workers. Therefore, the criteria for continuances and supplemental hearings "for good cause shown" are to be strictly construed by the chief administrative law judge and his or her authorized representatives to prevent delay when granting or denying continuances and supplemental hearings. It is also the policy of this chapter to prohibit the denial of just claims of injured or deceased workers or their dependents on technicalities.

The Board of Review was correct to modify the Office of Judges' Order to remove the directions to determine the non-medical issue based on Mr. Workman's entire work history of alleged exposure in the interest of judicial economy. The Office of Judges' Order effectively limited the issue on remand to the claimant's nonmedical exposure. With the removal of that language, the Board of Review's decision allows the claims administrator to proceed with the case in its entirety, including the medical issues of whether the claimant suffers from occupational pneumoconiosis as a result of his employment and how much, if any, impairment he suffers as a result. We therefore affirm the decision remanding the case to the claims administrator without language limiting the issue to the nonmedical issue only.

Affirmed.

**ISSUED: October 19, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn